the opinion of the court was delivered by
TiughmaN, C. J.
This is an action for money had and received, &c. The plaintiff, being owner of the ship Titus, procured an insurance to be made by the defendants on the freight of the said ship, (valued at seven thousand five hundred dollars,) on a voyage from Bordeaux to Philadelphia. The Titus sailed from Bordeaux with a full cargo of wine, brandy, silks, &e., about two-thirds of which belonged to the plaintiff, and one-third to others. The ship was captured by a British cruiser, and carried to Bermuda, where both ship and cargo were condemned. The plaintiff appealed, and on the prosecution of the appeal at London, he obtained restitution of the ship, and made a compromise with the captors, by which he got throe-fourths of the proceeds of his goods, (the goods themselves having been sold by order of the Court of Admiralty at Bermuda,) and the other fourth was retained by the captors. The agents of the plaintiff and defendants came to a settlement in London, the defendants being entitled to the freight of the ship, in consequence of having paid the plaintiff for a total loss, upon an abandonment by him soon after he received intelligence of the capture; but it was understood, that this settlement was subject to correction, errors being shown by the principals ou either side. The plaintiff pointed out what he considered as an erroneous principle, in the adjustment of the freight; but the defendants did not agree in opinion with him, and therefore this suit was brought. Without entering into the details of the account, I will state the principle upon which the dispute arises. The defendants contend, that the plaintiff was bound to make good ta *438 them, the whole sum at which the freight was valued, and which they paid him in consequence of his abandonment. Th'ey therefore take the following rule for the adjustment: Deduct from seven thousand five hundred dollars, (the whole valuation,) the sum which the other shippers were to pay for their goods, according to their contract with the master of the ship at Bordeaux, and the balance is to be paid by the plaintiff. On the other hand, the plaintiff says, that taking seven thousand five hundred dollars as the value of the whole freight, he is only liable for two-thirds of that sum, his goods having occupied only two-thirds of the tonnage of the ship. There is a considerable difference in the result of these two modes of adjustment, and which is right, is the question.
The defendants think it extremely unjust, that' the plaintiff should receive from them seven thousand five hundred dollars, for his loss of freight, and afterwards set upa mode of adjustment, which reduces the freight to a much less sum. But whether this be just or unjust, depends on the contract of the parties. When they agreed to value the freight at a certain sum, in the policy of insurance, it was not supposed by either, that the actual freight would amount to exactly that sum. The voyage commencing at Bordeaux, during the European war, it was impossible to say what the freight would be; — but the defendants, who were well acquainted with business of this kind, were content to consider seven thousand five hundred dollars as the sum, on which they should receive a premium, and for which they should be subject to payment in case of loss. The plaintiff did not stipulate to fill the ship with his own goods, or even to put any of his own goods on board of her. The defendants knew, that in case of their having paid for a total loss, the plaintiff was to make a cession to them, by virtue of which they would stand in his place, and be entitled to receive all the freight carried by the ship; and they also knew, that if goods were shipped by others, at a stipulated freight, they would recover from them no more than the stipulated price. If, then, the plaintiff had put none of his own goods on board, the defendants would have received from the shippers the sums which they agreed to pay, and neither more nor less, whether the aggregate of these sums had overrun the valuation in the policy, or fallen short of it. If they had overrun, the defendants would have retained the surplus, and if they had fallen short, it has not been pretended that the plaintiff could havfe been resorted to, to make up the deficiency. From these principles it follows, without doubt, that there is nothing in the policy which binds the insured to a warranty, that the freight to be carried by the ship shall be equal to the valuation. ■ It is not unjust, therefore, for the plaintiff to say, I will demand of the defendants seven thousand five hundred dollars, because they agreed to pay that sum in case of loss; but I will not make up the freight to seven thousand five hundred dollars, *439 because I never agreed to do it. The case has been involved in some perplexity, from the circumstance of the plaintiff’s having shipped some of his own goods. If he had been the sole shipper, and especially if the ship had been filled, there would have been plausible ground for an argument, that the valuation in the policy ought to be taken as the true value of the freight; because, as in that case, the owner of the ship could not make an agreement with himself for any certain sum, it might have been said, that the opinion of. both parties expressed in the policy, was strong evidence of the value. I must not be understood, however, as giving an opinion that even in that case, the insured would be estopped from controverting the value of tbe freight. It is not the case before us, and therefore I intimate no opinion on it. In the case which we have to decide, the plaintiff was willing to pay at the rate of the valuation in the policy, for that portion of the tonnage occupied by his goods. By that rule, he pays a much higher freight than the other shipper^; but the defendants, not content with that, insist on his making up, from his own pocket, the difference between the rate of his own freight and that of the other shippers. And, on the same principle, if he had occupied only one ton, and other persons the whole remaining two hundred and sixty-three tons, he must have made up the whole deficiency. The rule contended for by the defendants would undoubtedly have this convenience; that so simple a-mode of adjustment would prevent all difficulty in settling what the owner of the ship ought to pay for the freight of his own goods; for that difficulties on that point will sometimes arise, may easily be foreseen. But convenience alone is not a sufficient reason for establishing a rule, which would often work flagrant injustice. Being fully satisfied, that there is nothing in the contract of insurance, which binds the insured to make good the valuation in the poliey, in a case like the present, and no evidence having been given that the sum with which the plaintiff consented to charge himself, was less than a fair freight, I am of opinion that the jury were right in not making him answerable for more, and therefore there should not be a new trial.
New trial refused.